UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re | In ~~Proposed~~ Substantively Consolidated Proceedings Under Chapter 11 |
| BEAVER BROOK VILLAGE, LLC | Case No. 07-43103-JBR |
| FRANK J. GORMAN, SR., d/b/a GORMAN MANAGEMENT TRUST | Case No. 07-43372-JBR |
| Debtors. | |

## ORDER CONFIRMING PLAN

Beaver Brook Village, LLC ("BBV") and Frank J. Gorman, Sr. ("Gorman") having filed with this Court the Debtors' First Amended Chapter 11 Plan dated November 13, 2008 (the "First Amended Plan"); the form of the Disclosure Statement Regarding the Debtors' First Amended Chapter 11 Plan dated November 13, 2008 (the "Disclosure Statement") having been approved by this Court and, with the First Amended Plan annexed, transmitted to creditors and other parties in interest of BBV and Gorman (collectively, the "Debtors"), together with appropriate notice of the deadline for objecting to and voting on the First Amended Plan, and of the hearing to consider confirmation of the First Amended Plan; the Debtors on December 12, 2008 having filed the First Modification of Debtors' First Amended Chapter 11 Plan ~~on December 12, 2008~~ (the "Plan Modification") embodying a settlement with Classes 7 and 9 and making other non-material amendments; the Debtors having thereafter filed, at this Court's request, the Debtors' Second Amended Chapter 11 Plan dated December 17, 2008 reflecting the First Amended Plan as modified by the Plan Modification (hereinafter, the "Plan");[1] the Debtors' having submitted on

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

December 22, 2008 proposed forms of documents to be utilized to implement the terms of the Plan (the "Plan Supplement"); the objection of Massachusetts Department of Revenue ("MDOR") to the Plan having been resolved by agreement, as reflected in this Order, and the MDOR having filed a withdrawal of its objection on December 22, 2008; this Court on December 23, 2008 having held a hearing to consider confirmation of the Plan (the "Confirmation Hearing"); based upon the record at such hearing and throughout this case, after due deliberation, and good cause appearing therefor,

THE COURT HEREBY FINDS AND RULES that:

A. Due, sufficient and adequate notice of the Plan and the Confirmation Hearing, together with the deadlines for voting on, and filing objections to, the Plan has been given to all known holders of Claims and/or interests in full compliance with 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). No other or further notice is required, and creditors entitled to vote on the Plan were provided sufficient time to cast their ballots to accept or reject the Plan.

B. The late filing of the Plan Supplement is excused. Parties to the documents included therein and other interested parties have not objected to the Plan Supplement. The Plan Supplement is deemed incorporated into the Plan.

C. The Plan is deemed a motion for substantive consolidation of the bankruptcy estates of BBV and Gorman, subject to the occurrence of the Effective Date.

D. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court.

E. The Debtors have proposed the Plan in good faith and not by any means forbidden by law, and have complied with the applicable provisions of the Bankruptcy Code.

F.      All payments made or promised to be made by the Debtors for costs and expenses in connection with the Plan, and incident to these cases, have been approved by, or will be subject to the approval of, this Court as reasonable.

G.      Except to the extent that the holder of a particular Claim has agreed to a different treatment of such claim, the Plan provides that each holder of a priority claim under Section 507 of the Bankruptcy Code will receive, on the effective date of the Plan (the "Effective Date"), treatment of its claim in the manner required by Section 1129(a)(9) of the Bankruptcy Code.

H.      With respect to each impaired class of claims, each holder of a Claim of such class either has accepted the Plan, or will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

I.      Classes 1, 2, 3, 5, 6, and 12 are impaired and have voted to accept the Plan, as reflected by the Certificate of Vote Concerning Acceptance of Plan filed with this Court by Gorman's counsel (the "Certificate of Vote").

J.      Classes 7 and 9, each containing a single claim, are impaired. Although neither the holder of the Class 7 Claim nor the holder of the Class 9 Claim timely submitted a ballot, both have by submitting late ballots accepting the First Amended Plan as modified by the Plan Modification indicated their acceptance of the Plan Modification and the Plan.[2] The Plan Modification does not adversely change the treatment of any Claims other than those of Classes 7 and 9. Therefore, pursuant to Fed. R. Bankr. P. 3019, the Plan is deemed accepted by all creditors who accepted the First Amended Plan.

K.      Class 8 is impaired. The sole holder of the Class 8 Claim did not submit a ballot.

---

[2] Copies of these ballots were filed with this Court as an exhibit to the Certificate of Vote.

3

Since the Plan provides for the transfer of all right, title and interest of Gorman in and to the collateral securing the Class 8 Claim to the holder thereof, the Plan is confirmable as to Class 8 pursuant to Section 1129(b)(2)(A) of the Bankruptcy Code notwithstanding the lack of acceptance by Class 8.

L. Classes 4, 10, 11A through 11D, and 14 are unimpaired and, pursuant to Section 1126(f) of the Bankruptcy Code, are deemed to have accepted the Plan.

M. Class 13 consists of Claims of BBV and Gorman against the other. Because the BBV and Gorman cases are substantively consolidated, Class 13 will receive nothing under the Plan and is therefore deemed to have rejected the Plan pursuant Section 1126(g) of the Bankruptcy Code; however, the Debtors as proponents of the Plan have waived any objection thereto.

N. At least one impaired class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider.

O. In the Debtors' judgment, there are no avoidance actions that would be beneficial to pursue under the circumstances of this case.

P. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors.

Q. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment on the Effective Date of all such fees that are due and payable on the Effective Date.

R. There are no retiree benefits, as defined in Section 1114 of the Bankruptcy Code, to be provided for in the Plan.

S. Pursuant to Section 5.1 of the Plan, the Effective Date shall occur on the second Business Day following the ninth day after entry of the Confirmation Order, provided that (a)

4

this Order remains operative in accordance with its terms (regardless of whether it has become a Final Order), and has not been stayed, (b) all conditions to closing of the Lowell Cooperative Bank Settlement have been satisfied or will be satisfied at the closing thereof on the Effective Date, and (c) the Cell Tower Closing Date shall have occurred or will occur contemporaneously with the Effective Date. If any of the foregoing conditions have not been satisfied as of the second Business Day following the ninth day after entry of the Confirmation Order, then the Effective Date shall occur on the second Business Day after all such conditions have been satisfied, provided that the Plan has not been withdrawn.

T.   In order to fund their obligations under the Plan as set forth in Exhibit B thereto (Sources and Uses), the Debtors have received and accepted an offer to purchase cell-tower leases at the BBV Property from Unison Site Management Corp. in the amount of $605,000 on the same terms (except for the sale price) set forth in the Terms of Agreement dated October 13, 2008, a copy of which is attached hereto as Exhibit "A."

U.   This Court may properly retain jurisdiction over the matters set forth in Sections 5.13 and 9.12 of the Plan.

V.   In the last sentence of Section 9.1 of the Plan, the words "except as provided in Section 8.6" need to be corrected to "except to the extent provided by Section 6.2 (as limited by Section 5.15)".

W.   Any subsidiary findings and conclusions made by this Court on the record at the Confirmation Hearing are incorporated herein by reference.

ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED that:

1.   The Plan is confirmed. Subject to the occurrence of the Effective Date, the bankruptcy estates of Gorman and BBV are substantively consolidated.

2. Notwithstanding anything to the contrary in the Plan, if the Debtors elect pursuant to Section 2.5 of the Plan to pay the Allowed Priority Claim of the MDOR arising under Section 507(a)(8) of the Bankruptcy Code over time rather than on the Effective Date, then payment of such Allowed Priority Claim shall be made in accordance with Sections 511 and 1129(a)(9)(C)(ii) of the Bankruptcy Code so as to be completed by no later than September 10, 2012.

3. Other than the objection filed by the MDOR, no objection to the Plan has been timely filed. Each and every objection to the Plan that could have been made, but was not, has been irrevocably waived.

4. The Plan, this Order and each of their provisions shall be binding upon each creditor of the Debtors and every other party in interest in this case, whether or not the Claim or interest of such creditor or other party in interest is impaired under the Plan and whether or not such creditor or other party in interest has filed, or is deemed to have filed, a proof of claim or interest, or has accepted or is deemed to have accepted the Plan. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent. The failure specifically to include or refer to any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

5. The Debtors are authorized and empowered to issue, execute, deliver, file or record any document or instrument or take any other action, necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, whether or not specifically referred to in the Plan, and without further application to or order of this Court except as specifically required by the Plan. The Debtors are authorized and directed to execute

and deliver the documents contained in the Plan Supplement, including with such nonmaterial modifications as may be agreed upon by the parties thereto. All parties required by the Plan to execute documents or take other actions on, or in order to permit occurrence of, the Effective Date shall cooperate with the Debtors in good faith, on the Effective Date and during the period prior thereto, in connection with such documents and other actions.

6. The rejection of all executory contracts and unexpired leases of the Debtors not previously assumed pursuant to Order or expressly assumed pursuant to the Plan, as provided in Section 7 of the Plan, is hereby approved in all respects pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code, effective as of the date of entry of this Order.

7. On the Effective Date, except as otherwise expressly provided in the Plan, all assets of Gorman in his bankruptcy estate shall vest in Gorman and all assets of BBV in its bankruptcy estate shall vest in BBV, in each case on an unrestricted basis except as otherwise provided in the Plan, and free and clear of liens, encumbrances and other interests (except those agreed to and/or conveyed by the Beaver Brook Lender Loan Documents, as amended in accordance with the Plan). All Orders that restrict any such property or provide rights to any entity other than the Debtors in respect of any such property shall become inoperative on the Effective Date.

8. In accordance with Section 1146(a) of the Bankruptcy Code, neither the Debtors, their estates (including after they revest with each Debtor on the Effective Date), the Creditor Representative, or any holders of Claims or interests shall be liable for any stamp or similar taxes payable in connection with any transfer or deemed transfer of any assets made pursuant to or arising under the Plan. All filing or recording officers, wherever located and by whomever appointed, are hereby directed to accept for filing or recording, and to file or record immediately

upon presentation thereof, all such deeds, bills of sale, mortgages, leasehold mortgages, deeds of trust, leasehold deeds of trust, memoranda of lease, notices of lease, assignments, leasehold assignments, security agreements, financing statements, and other instruments of absolute or collateral transfer without payment of any stamp tax, or similar tax imposed by federal, state, or local law. A copy of this Order shall be a recordable instrument notwithstanding any contrary provision of nonbankruptcy law. This Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

9. Pursuant to Section 6.1 of the Plan, the first business day after the 30th day following the Effective Date is the last day for holders of unpaid Administrative Claims to file with this Court a proof of claim for any such Administrative Claim. Failure to file and serve the requisite proof of Administrative Claim timely and properly shall result in the Administrative Claim being forever barred and discharged.

10. The last sentence of Section 9.1 of the Plan is hereby deemed amended to delete the words "except as provided in Section 8.6" and to replace them with the words "except to the extent provided by Section 6.2 (as limited by Section 5.15)".

11. Pursuant to Section 6.2 of the Plan, as limited by Section 5.15 of the Plan, each Claim timely filed in the BBV Case (other than the Claims of entities against which Sections 5.3(d) and (e) of the Plan provides for the Debtors to assert claims, specifically, and only, Provencher Insurance Agency and Owen and Ollie's) shall be deemed Allowed in the amount filed and shall not be subject to objection, setoff, recoupment, counterclaim, or avoidance. Notwithstanding the foregoing sentence, nothing in this Order shall affect the waiver of Claims and interests set forth in Section 5.9 of the Plan.

12. As of the Effective Date, each of the Debtors shall be deemed to receive the discharge provided for by Section 9.2 of the Plan and Section 1141 of the Bankruptcy Code, specifically excepting from discharge either Debtor as to any obligation under the Plan or this Order. The time to object to Gorman's discharge pursuant to Section 523 of the Bankruptcy Code has passed and any such objection shall be deemed untimely and dismissed.

13. Steven Landry shall serve as Creditors' Representative under the Plan.

14. The Creditors' Committee shall be deemed dissolved as of the Effective Date, and counsel to the Creditors' Committee shall submit a final application for compensation for services rendered through the Effective Date.

15. On the Effective Date, the Debtors shall transfer to Cohn Whitesell & Goldberg LLP, as escrow agent, the funds required to pay all Allowed Professional Fee Claims. The Debtors shall otherwise serve as disbursing agent for all Effective Date payments.

16. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtors shall within five business days after entry of this Order serve upon all of the Debtors' known creditors and other parties in interest, including all parties listed on the regular service list in these cases, notice of the entry of this Order and of the deadline to file certain claims, substantially in the form annexed hereto as Exhibit "B." Mailing of such notice in the time and manner set forth in this paragraph is adequate and satisfies the requirements of Bankruptcy Rules 2002 and 3020(c), and no further notice is necessary.

17. This Court shall, and hereby does, retain jurisdiction for the purposes set forth in Sections 5.13 and 9.12 of the Plan.

ORDERED this 24th day of December, 2008 at Worcester, Massachusetts.

*Joel B. Rosenthal*
Joel B. Rosenthal
United States Bankruptcy Judge

G:\data\1299p\order confirming plan7

# EXHIBIT A

**UNISON**    280 Summer Street, 9th Floor, Boston, MA 02210-1131    www.unisonsite.com

October 13, 2008

# Terms of Agreement

\* Our signatures below acknowledge that these are the business terms upon which this transaction will be completed. However, the terms of this agreement are subject to due diligence, and receipt by Unison of all required documentation, including but not limited to the complete Carrier lease(s), proof of scheduled monthly rent(s), escalator(s), and Carrier(s). By signing and dating below, Unison will endeavor to close this transaction within six weeks of the date of your acceptance of these business terms. The terms of this agreement will expire in six (6) months unless extended by mutual consent.

\* When used herein, the terms Unison and Site Owner shall refer to Unison and the Site Owner and their respective successors and/or assigns.

Site #: 428408
Site Address: 101 Mill St, Dracut, MA 01826
Seller ("Site Owner"): Beaver Brook Village, LLC - Frank Gorman

Purchaser: Unison Site Management II LLC, ("Unison")

Tenant/Carrier(s): Site Owner Rooftop with AT&T Wireless, Verizon Wireless and Metro PCS as tenants
Current Rent: $5,250.00
Purchased Rent: $5,250.00
Escalator: 2.5% annual (AT&T Wireless), 15.0% 5 year term (Verizon Wireless) and 2.5% annual (Metro PCS)

Term of Easement Purchased: 40 years

Easement Area: Specific rooftop easement to include existing wireless service provider leases and equipment footprints, and will include access and utility easements.

Purchase Price: $616,251

Other Transactional Terms: This transaction is contingent upon Unison receiving an executed Non-Disturbance agreement.

Offer Expiration Date: October 21, 2008

You acknowledge that a $100 nonrefundable cash deposit and Unison commitment to expend time, effort and expense to evaluate this transaction are good, valuable and sufficient consideration. You agree to cooperate fully with Unison in connection with its evaluation of this transaction. You shall not, directly or indirectly (a) offer the Lease or the Premises for sale or assignment to any other person; (b) negotiate, solicit or entertain any offers to sell or assign any interest in the Lease or Premises to any other person; or (c) modify, amend, supplement, extend, renew, terminate or cancel the Lease. This letter is intended as, and shall be, a legally binding commitment. In the event of a breach of this letter agreement by you, Unison shall, in addition to its other rights and remedies, be entitled to compensation for its time, effort and expense to evaluate this transaction and, in any action to enforce this letter agreement, to recovery of its reasonable attorneys' fees.

\* Site Owner agrees to provide Unison with all documents stated on page 2 and all comments (if any) to the Easement and Assignment agreement within 14 days of the execution of this agreement by the Site Owner. The terms of this offer will expire if such documents and comments are not provided within 14 days of the execution of this agreement by the Site Owner.

_____    Site Owner _____
Joe Fagone                      Date Signed: 10-17-08
Site Development Officer
for Unison Site Management

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re ) | In ~~Proposed~~ Substantively Consolidated |
| ) | Proceedings Under Chapter 11 |
| ) | |
| BEAVER BROOK VILLAGE, LLC ) | Case No. 07-43103-JBR |
| ) | |
| FRANK J. GORMAN, SR., d/b/a ) | Case No. 07-43372-JBR |
| GORMAN MANAGEMENT TRUST ) | |
| ) | |
| Debtors. ) | |

**NOTICE OF ENTRY OF ORDER CONFIRMING THE
DEBTORS' SECOND AMENDED CHAPTER 11 PLAN
AND OF DEADLINE FOR FILING CERTAIN CLAIMS**

**PLEASE TAKE NOTICE** that:

1. *Confirmation of Plan*. By order dated December __, 2008 (the "Confirmation Order"), the United States Bankruptcy Court for the District of Massachusetts (Central Division) confirmed the Debtors' Second Amended Chapter 11 Plan Dated December 17, 2008 (the "Plan"). The Plan, the Confirmation Order and each of their provisions are binding upon each creditor of the Debtors and every other party in interest in these cases. Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan.

2. *Effective Date; Distributions*. The effective date of the Plan (the "Effective Date") is expected to occur in January 2009. On the Effective Date, creditors holding Claims against the Debtors will be entitled to receive distributions in accordance with the terms of the Plan to the extent that their Claims are Allowed.

3. *Deadline for Administrative Claims*. Any Administrative Claim (other than U.S. Trustee Fees, a Professional Fee Claim for which an application is pending before the Bankruptcy Court, and undisputed obligations incurred by the Debtors in the ordinary course of business as) arising on or before the Effective Date must be the subject of a proof of claim filed with the Bankruptcy Court on or before the first Business Day following thirty (30) days after the Effective Date (the "Administrative Claim Bar Date"), and in each such case contemporaneously served on the undersigned counsel to the Debtors, so as to be received by the Administrative Claim Bar Date. However, no proof of claim is required for any undisputed obligation incurred by the Debtors in the ordinary course of business and paid on or before the Administrative Claim Bar Date, or for any Professional Fee Claim that is the subject of a pending application to be

Allowed, or for U.S. Trustee Fees. **If a proof of claim for your Claim is required to be filed on or before the Administrative Claim Bar Date and is not so filed, the Claim will be Disallowed without need for entry of an Order and forever barred as a Claim whether or not entitled to priority as an Administrative Claim.**

4. *Deadline for Contract/Lease Claims.* All of the Debtors' executory contracts and unexpired leases not expressly assumed under the Plan or previously rejected by the Debtors were, pursuant to the Plan, rejected as of the entry of the Confirmation Order on December __, 2008. **Any entity asserting a claim against the Debtors' estates arising from such rejection must file a proof of such claim with the Bankruptcy Court, and serve a copy upon the undersigned counsel to the Debtors, not later than 30 days after entry of the Confirmation Order (i.e. December __, 2008), or such Claim will be forever barred as a Claim.**

5. *Filing Procedures.* To be timely filed, a proof of claim must be substantially in the form of Official Form No. 10, must be duly-executed by the creditor or its authorized representative, and must be filed not later than the appropriate bar date by either (i) electronic filing using the Bankruptcy Court's Electronic Case Filing System or (ii) with the Clerk of the Bankruptcy Court at the following address:

> Clerk
> United States Bankruptcy Court
> Donahue Federal Building
> 595 Main Street, Room 211,
> Worcester, MA 01608-207610

Proofs of claim filed by hand delivery or courier service must be delivered to the above-referenced address between the hours of 8:30 a.m. and 4:30 p.m. on regular business days. Facsimile submission of a proof of claim shall not constitute proper filing, and any proof of claim so submitted shall be of no force or effect.

Dated this ____ day of December, 2008.

| BEAVER BROOK VILLAGE, LLC | FRANK J. GORMAN, SR. |
|---|---|
| By its attorneys, | By his attorneys, |
| Jeffrey A. Schreiber (BBO 447110) | Daniel C. Cohn  (BBO#090780) |
| Edward C. Dial, Jr. (BBO 610539) | Christopher M. Candon (BBO#650855) |
| THE SCHREIBER LAW FIRM, LLC | COHN WHITESELL & GOLDBERG LLP |
| 53 Stiles Road, Suite A102 | 101 Arch Street |
| Salem NH 03079 | Boston, MA  02110 |
| Phone: (603) 870-5333 | Phone:     (617) 951-2505 |
| Facsimile:  (603) 870-0077 | Facsimile:   (617) 951-0679 |
| Email:  edial@schreiblaw.com | Email:     candon@cwg11.com |

G:\data\1299p\order confirming plan7

2